# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 20, 2014 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE, ET AL. V. ROBERT W. DONALDSON, JR.

### Appeal from the Circuit Court for Davidson County
### No. 13C2321     Hamilton V. Gayden, Jr., Judge

### No. M2013-02605-COA-R3-CV - Filed December 30, 2014

Defendant appeals a judgment holding that he ran a stop sign, contending that the court did not have subject matter or *in personam* jurisdiction over the matter, and that the Metropolitan Government of Nashville and Davidson County lacked standing to bring the action. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR.,  P. J., M. S., and W. NEAL MCBRAYER, J. joined.

Robert W. Donaldson, Jr., Nashville, Tennessee, Pro Se.

Saul Solomon, Director of Law; Jennifer D. Cavahaugh and Cynthia E. Gross, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

<h1 style="text-align:center">MEMORANDUM OPINION[1]</h1>

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2013, Robert W. Donaldson, Jr., was stopped for allegedly failing to stop at a stop sign. Officer Daryl Morton of the Metropolitan Nashville Police Department issued Mr. Donaldson a traffic citation for the unlawful use of a license plate, failing to change his address on his driver's license, lack of proof of insurance, and running a stop sign.

On May 22, the Metropolitan General Sessions Court held a hearing on the traffic citation. The court held that Mr. Donaldson ran the bus stop sign in violation of Metropolitan Code of Laws § 12.24.040 and assessed a $50.00 fine; the other charges were retired.

Mr. Donaldson appealed to the Circuit Court, which held a bench trial on November 13. At the trial, Officer Morton was called to testify about the offense. Following the testimony of Officer Morton, Mr. Donaldson moved to retire the citation on the ground that the court did not have jurisdiction over the case and that the Metropolitan Government of Nashville and Davidson County ("Metro") lacked standing to prosecute the action. The court denied the motion and proceeded to find Mr. Donaldson guilty of running the stop sign.

Mr. Donaldson appeals, contending that Metro lacked standing to bring the action, and that the General Sessions and Circuit Courts lacked subject matter and *in personam* jurisdiction to adjudicate the case.

## II. DISCUSSION

Mr. Donaldson's premises that Metro lacked standing to bring the action before the court because it did not suffer any damages or injuries, and that the lower courts lacked subject matter and *in personam* jurisdiction, are based on a fundamental misunderstanding of the procedure at hand. Section 2.01(30) of the Metropolitan Charter grants Metro the authority "[t]o regulate the operation of motor vehicles and exercise control over all traffic, including parking, upon or across the streets, roads, alleys and walkways of the metropolitan government." Metro also has the authority to issue citations for violations of its traffic laws

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2

pursuant to Tenn. Code Ann. § 7-3-501[2]. Moreover, Metro police officers have a duty to enforce all traffic laws and regulations of Metro, and all state laws applicable to traffic in the Metro area. Metropolitan Code of Laws § 12.08.050(A). Officer Morton testified that he observed Mr. Donaldson run the bus stop sign, and that he issued Mr. Donaldson a traffic citation for violating Section 12.24.040. Therefore, Metro had the authority to issue the traffic citation and pursue enforcement.

Mr. Donaldson's contentions that the "lower courts" lacked subject matter jurisdiction because he "did not consent to do business with [Metro]"[3] and *in personam* jurisdiction because the citation did not include the "time and place" at which he was to appear in court[4]

---

[2] Tenn. Code Ann. § 7-3-501 provides:

> When any person violates an ordinance, law or regulation of a metropolitan government, any police or peace officer of such metropolitan government or any employee of the metropolitan government authorized to enforce such ordinance, law or regulation, in whose presence the violation is committed or who determines after investigation that there is probable cause such a violation has been committed, may issue a citation or civil warrant, giving a copy to the violator, showing the ordinance, law or regulation violated and the date, time and place when the violator is to appear in court.

[3] In his brief, Mr. Donaldson argues that the lower courts are precluded from exercising subject matter jurisdiction over the traffic citation because Metro is a "domestic non-profit corporation registered with the Secretary of the STATE OF TENNESSEE" and that he did not "consent to do business" with Metro. Mr. Donaldson misunderstands the source of Metro's authority to issue a traffic citation. Metro's authority does not arise out of a contractual agreement with its citizens, but, rather, from the laws of the State of Tennessee.

[4] At the bottom of the traffic citation, the following information is printed, to which Mr. Donaldson affixed his signature:

> Upon the issuance of this citation you should receive a Davidson County Traffic Court Information Sheet explaining how to respond to this citation.
>
> ***
>
> I hereby acknowledge receipt of a copy of this citation. I also waive formal issuance and service of a warrant upon me. I understand that I must respond to this citation with a designated form of action within 45 days from the issuance date of this citation. Failure to do so will result in a Default Judgment causing suspension of driver's license and issuance of execution.

The traffic citation requires the violator to respond within 45 days, which may be done by paying the fine, pleading not guilty and requesting a court date, or registering for traffic school. Metro has implemented
(continued...)

are without merit. Mr. Donaldson subjected himself to the laws of Metro by operating a vehicle within the Metropolitan Government. *See* Metropolitan Code of Laws § 12.08.010 ("It is unlawful for any person to do any act forbidden, or fail to perform any act required, in this title.").

## III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

RICHARD H. DINKINS, JUDGE

---

[4](...continued)
Tenn. Code Ann. § 7-3-501 by allowing an alleged violator to chose one of those three options. The citation clearly states that the violator must respond within 45 days; the record indicates that Mr. Donaldson filed an "Application Form" in which he stated he was "Innocent Until Proven Guilty" and requested a court date. This procedure complies with the statute; accordingly, the citation was not defective.